## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-02578-NYW

BRAD L. DEMUZIO,

      Plaintiff,

v.

UNITED STATES OF AMERICA,

      Defendant.

---

## ORDER OF UNITED STATES MAGISTRATE JUDGE

---

Magistrate Judge Nina Y. Wang

      This matter is before the court pursuant to Plaintiff's Unopposed Motion to Stay Proceedings ("Motion to Stay"), 28 U.S.C. § 636(c), and the Order Referring Case dated January 12, 2018 [#22].   For the reasons stated below, it is ORDERED that the case is ADMINISTRATIVELY CLOSED, with leave to reopen upon good cause.

      Plaintiff Brad L. Demuzio initiated this civil action through his attorney on October 27, 2017, asserting a claim under the Federal Tort Claim Act, ("FTCA") 28 U.S.C. §2671, *et. seq.* and 28 U.S.C. §1346(b)(1), for negligence and professional malpractice associated with medical care he received while in the custody of the Federal Bureau of Prisons ("BOP") and housed at the Federal Prison Camp in Florence, Colorado.  [#1 at ¶ 12].  The Government filed an Answer on January 8, 2018.  [#15].  On January 10, 2018, the undersigned held a Scheduling Conference and ordered the Parties to complete discovery by July 31, 2018 and file any dispositive motions by August 31, 2018.  [#21; #23].

On January 18, 2018, Plaintiff filed the Motion to Stay, asking that the court stay all deadlines for 180 days to allow for his attorney to arrange an agreement with the Secretary of the Treasury and to pursue and file a certificate of review.  [#24].  Plaintiff's attorney attests that Plaintiff is subject to a restitution order from his criminal case and under the Treasury Offset Program the Treasury can offset any award Plaintiff might receive as a result of this action, which could include an award for attorney fees and costs.  [#24-1 at ¶¶ 2, 5, 6].  Plaintiff intends, through his attorney, to seek an agreement with the Treasury by which an award of attorney fees and costs may be allowed in this proceeding.  [*Id.* at ¶ 7].  Plaintiff's attorney attests that he and his client "cannot expend any funds on this case, for such expenses as a Certificate of Review…" until and unless the Treasury agrees to the recovery of fees and costs, and that Plaintiff will dismiss this action should the Treasury deny the request.  [*Id.* at ¶¶ 8, 10].  The Government does not oppose the Motion to Stay.  *See* [#25].

## ANALYSIS

Although the United States is generally entitled to sovereign immunity from suit, the FTCA grants subject matter jurisdiction to federal courts over claims against the United States seeking money damages for personal injury caused by the negligence of federal employees while acting within the scope of their employment.  28 U.S.C. § 1346(b)(1).  *See Nero v. Cherokee Nation of Oklahoma*, 892 F.2d 1457, 1463 (10th Cir. 1989).  "The FTCA provides that the United States shall be liable under state tort law only 'in the same manner and to the same extent as a private individual under like circumstances.'" *Hill v. SmithKline Beecham, Corp.*, 393 F.3d 1111, 1117 (10th Cir. 2004) (quoting *Nationwide Mut. Ins. Co. v. United States,* 3 F.3d 1392, 1396 (10th Cir. 1993)).  Colorado statutory law requires plaintiffs to file a certificate of review to

pursue claims alleging professional negligence by a licensed professional:

> In every action for damages or indemnity based upon the alleged professional negligence of…a licensed professional, the plaintiff's or complainant's attorney shall file with the court a certificate of review for each…licensed professional named as a party, as specified in subsection (3) of this section, within sixty days after the service of the complaint…against such person unless the court determines that a longer period is necessary for good cause shown.

Colo. Rev. Stat. § 13-20-602(1)(a).  The certificate of review demonstrates that a professional with expertise in the area of alleged negligent conduct has reviewed the known facts, records and other materials which the professional deems relevant to the allegations of negligent conduct and, "based on the review of such facts, has concluded that the filing of the claim…does not lack substantial justification within the meaning of section 13-17-102(4)."  The Tenth Circuit has held that Colorado law, specifically Colorado's certificate of review requirement, applies to suits brought against the United States under the FTCA.  *Hill*, 393 F.3d at 1117-18 ("to hold that the United States is not entitled to the protection of the certificate of review requirement would place it in a differently situated position than private parties defending against professional negligence claims in Colorado, thereby undermining the conditions precedent to the United States' waiver of sovereign immunity in the FTCA.").

Local Rule of Practice 41.2, D.C.COLO.LCivR, allows the administrative closure of cases subject to reopening, as follows:

> A district judge or a magistrate judge exercising consent jurisdiction may order the clerk to close a civil action administratively subject to reopening for good cause. Administrative closure of a civil action terminates any pending motion. Reopening of a civil action does not reinstate any motion.

"Use of the administrative-closure mechanism allows district courts to remove from their pending cases suits which are temporarily active elsewhere (such as before an arbitration panel)

3

or stayed (such as where a bankruptcy is pending)." *Patterson v. Santini*, 631 F. App'x 531, 534 (10th Cir. 2015) (quotation marks and citation omitted).  Plaintiff seeks a stay of approximately six months to arrange to offset an award of fees and costs against his restitution order, and to secure a certificate of review, and represents that he will dismiss the action if he cannot offset such an award.   Defendant does not oppose.   I find that this case presents appropriate circumstances justifying administrative closure subject to reopening for good cause under the Local Rule.

Accordingly, **IT IS ORDERED** that:

1. The Motion to Stay Proceedings [#24] is **GRANTED**, and the Clerk of the Court is **DIRECTED** to administratively close this case, subject to reopening for good cause; and

2. The Parties shall file a joint status report on or before **June 22, 2018**.

DATED: January 22, 2018                                 BY THE COURT:

                                                        s/Nina Y. Wang_____
                                                        United States Magistrate Judge